MATTHEW C. LAPPLE (SBN 193546)
matt@lappleubell.com
HA TRAN LAPPLE (SBN 225022)
ha@lappleubell.com
LAPPLE UBELL IP LAW, LLP
19800 MacArthur Blvd., 3rd Flr
Irvine, CA 92612
Telephone: (949) 756-4889
Facsimile: (949) 242-9789

Attorneys for Plaintiff
FROM THE LAND, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FROM THE LAND, LLC, a California limited liability company, | Case No. _____ |
| Plaintiff, | COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT; MISAPPROPRIATION IN VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT; BREACH OF CONTRACT; AND VIOLATION OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE § 17200 ET SEQ. |
| vs. | |
| INTELLIGENT FIBER OPTIC SYSTEMS, INC., a California corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff From The Land, LLC ("FTL" or "Plaintiff"), brings this action against Defendant Intelligent Fiber Optic Systems, Inc. ("IFOS" or "Defendant"), for, among other things, Defendant's willful misappropriation and use of FTL's trade secrets, breach of a mutual non-disclosure agreement written by IFOS, and unfair competition against FTL.

## PARTIES

1.     Plaintiff FTL was founded in 2019 to increase food security. FTL focuses on using both modern and ancient technologies to build a sustainable circular food production system, where energy, water, and nutrients are collected, stored, and cycled.

2.     One of FTL's founders, Dr. Gina Oliver ("Dr. Oliver"), holds a doctoral degree in Geology from Rensselaer Polytechnic Institute. As a National Science Foundation ("NSF") Graduate Fellow, Dr. Oliver's expertise is sought at trade conferences around the world, and she has collaborated with researchers across multiple fields. In recent years, Dr. Oliver focused on challenges in farming and food production and how these have been impacted by climate change. A year after earning her doctorate degree, Dr. Oliver received a highly selective and prestigious grant – a "Phase 1 Small Business Innovation Research" grant or "SBIR" – from the U.S. Department of Agriculture ("USDA"). Dr. Oliver also was selected to participate in California's Dream Fund.

3.     FTL's co-founder, Richard Hutchison ("Mr. Hutchison"), holds a master's degree in engineering from Rensselaer Polytechnic Institute. Before forming FTL with Dr. Oliver, Mr. Hutchison's professional accomplishments include conducting research to improve the optical and thermal efficiency of phosphor-converted white LEDs using nanocomposites, leading a team in developing and patenting body armor for active sports, helping rapidly to resolve

and improve stem cell differentiation factor delivery of micro and nanoparticles, leading and scaling an innovation lab, and creating an engineering design program for underserved and underrepresented people of all ages. Separately, Mr. Hutchison found and ran a tea business. A prominent Silicon Valley newspaper lauded Mr. Hutchison's many accomplishments and featured him on its front page.

4.      FTL is a California limited liability company. Its registered address is 34428 Yucaipa Blvd., Suite #133, Yucaipa, CA 92399-2474.

5.      Defendant IFOS is a California corporation with a registered business address and principal place of business located at 1533 California Circle, Milpitas, CA, 95035.

6.      FTL is ignorant of the true names and capacities of the defendants listed as DOES 1 through 10 inclusive and, therefore, sues these defendants by fictitious names. FTL will amend this complaint to allege these defendants' true names and capacities when ascertained.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over FTL's claims based upon 28 U.S.C. § 1331, as this case involves, among other things, the application of a federal statute, the DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836(c).

8.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims because these are so closely related to FTL's DEFEND TRADE SECRETS ACT claim that the state law claims are part of the same case and controversy.

9.      This Court has personal jurisdiction over Defendant IFOS because

IFOS is a California corporation. This Court also has personal jurisdiction over IFOS because IFOS' conduct, as alleged herein, took place in large part in this judicial district, thereby making it foreseeable that IFOS would be required to appear to respond to FTL's claims in the United States District Court for the Central District of California.

10.     Venue is proper in the U.S. District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because Plaintiff's principal place of business is located in San Bernardino County and because all or a substantial part of the events giving rise to this claim occurred in this District and in this Division.

## GENERAL ALLEGATIONS

### *From The Land*

11.     Plaintiff FTL was founded in 2019 "[t]o increase food security for all." Specifically, FTL is "focused on utilizing modern and ancient technologies to build a sustainable circular food production system, where energy, water, and nutrients are collected, stored, and cycled."

12.     In furtherance of its founding goals, FTL pursues several different research and product development projects. One such project focuses on the development of a commercially-viable method of harvesting saffron.

13.     Saffron, by weight, is the most expensive spice in the world. Because the spice known as "saffron" is the stigma from a particular crocus flower, *Crocus sativus*, harvesting saffron is difficult and traditionally very labor intensive. While the U.S. possesses the requisite agricultural conditions to grow *Crocus sativus* commercially, no domestic saffron industry exists due, in large part, to the prohibitively high cost of retrieving the stigma. At present, the majority of the

world's saffron is grown in Iran, India, Afghanistan, and Spain.

14.     Nevertheless, Plaintiff FTL researched and developed trade-secret methods for scalable saffron harvesting. In particular, FTL developed a harvest technique that involves, *inter alia*, robotics. FTL's saffron-harvesting techniques are confidential, proprietary, and constitute trade secrets belonging to FTL. (Hereinafter, FTL's saffron-harvesting techniques will be referred to as the "FTL Saffron-Harvesting Trade Secrets.")

15.     Once the Court issues a protective order to safeguard confidential information involved in this lawsuit, Plaintiff FTL can and will identify the FTL Saffron-Harvesting Trade Secrets with specificity, exclusively for the purposes of prosecuting this lawsuit.

16.     The FTL Saffron-Harvesting Trade Secrets have economic value. Moreover, the FTL Saffron-Harvesting Trade Secrets are not generally known either in the commercial saffron/spice industry or in the robotics industry.

17.     To date, Plaintiff FTL invested almost 900 hours of work by its researchers, engineers, and other agents to develop the FTL Saffron-Harvesting Trade Secrets.

18.     Plaintiff FTL takes reasonable measures to protect the secrecy of the FTL Saffron-Harvesting Trade Secrets. Some of those measures comprise:

(a)     maintaining locks and the physical security of its offices;

(b)     limiting disclosure of the FTL Trade Secrets to only a few individuals in its business;

(c)     subjecting any disclosures of the FTL Saffron-Harvesting Trade Secrets outside of FTL to non-disclosure agreements;

and

(d)    requiring long and complex passwords on the FTL computers on which the FTL Trade Secrets are maintained.

19.    Accordingly, because the FTL Saffron-Harvesting Trade Secrets – and each component of them – generally are not known in the industry, have economic value, and are subject to reasonable measures to protect their secrecy, the FTL Saffron-Harvesting Trade Secrets – and each component of them – are protectable trade secrets that constitute the property of Plaintiff FTL.

### *Defendant IFOS*

20.    On information and belief, Defendant IFOS describes itself on its website, www.ifos.com ("the IFOS Website"), as:

[A] silicon valley based pioneer of advanced sensing system solutions and products using fiber optics for the measurement of physical, chemical and biological parameters derived from the interaction of light with matter.

21.    Defendant's IFOS Website claims that IFOS makes products to serve the "energy industry," the "medical industry," and the "aerospace industry."

22.    On information and belief, prior to 2022, Defendant IFOS did not have extensive experience with, or knowledge about, the application of technology to improve agricultural growing and harvesting.

23.    On information and belief, prior to 2022, Defendant IFOS did not possess any prior experience with, or any knowledge about, commercial saffron harvesting.

24.     On information and belief, prior to 2022, Defendant IFOS had not obtained any SBIR awards through the US Department of Agriculture ("USDA").

25.     Between 2016 and early 2017, Dr. Behzad Moslehi ("Dr. Moslehi"), the CEO of IFOS, came to the Foothill College Science Learning Institute ("SLI") to offer to hire students as interns.

26.     At the time, Mr. Hutchison, who helped run the SLI, met Dr. Moslehi. After the SLI shut down, Mr. Hutchison maintained contact with IFOS and continued to meet with IFOS to help obtain IFOS internships for students.

27.     Aware that Dr. Moslehi had experience obtaining SBIR grants, in early 2022 Mr. Hutchison and Dr. Oliver contacted Dr. Moslehi for advice. On March 17, 2022, Mr. Hutchison and Dr. Oliver joined Dr. Moslehi on a telephone call.

28.     During the call, the parties discussed: (a) the potential for a partnership for future USDA SBIR grant applications, (b) the execution of a mutual nondisclosure agreement, and (c) the potential for a subsequent exchange of ideas.

### *Mutual Non-Disclosure Agreement*

29.     On or about August 16, 2022, Defendant IFOS sent Plaintiff FTL a "Mutual Non-Disclosure Agreement" ("MNDA") prepared by IFOS.

30.     Recipient Plaintiff FTL made no changes to IFOS' MNDA.

31.     Both Defendant IFOS and Plaintiff FTL signed and executed the MNDA.

32.     A true and correct copy of the MNDA is attached hereto as "Exhibit 1."

33.     The MNDA defines the term "Information" broadly to include:

> certain specifications, designs plans, drawings, software, data, prototypes, or other business and/or technical information, and all copies and derivatives containing such Information, related to the parties' respective goods and services and to potential business opportunities, which the disclosing party considers proprietary or confidential ("Information").

34.     The MNDA further provides that "Information may be in any form or medium, tangible or intangible, and may be communicated in writing, orally, or through visual observation."

35.     The MNDA additionally states that "[t]his Agreement shall apply to Information whether or not such Information is identified or marked as proprietary when disclosed."

36.     The MNDA specifies that Information disclosed and/or received shall only be used "for purposes of evaluating potential business arrangements between the parties ('Purpose')" and that such information must otherwise be held in confidence.

37.     The MNDA provides that "[t]his Agreement applies to Information disclosed during a Disclosure Period beginning on the Effective Date and terminating on 08/15/2023."

38.     The MNDA does not set a termination date for the MNDA itself.

39.     The MNDA provides for the following exceptions to the confidentiality obligations if the receiving party can demonstrate that the

7

disclosed information:

    a.    was independently developed by or for the receiving party without reference to the Information;

    b.    was received by the receiving party without restrictions;

    c.    has become generally available to the public without breach of this Agreement;

    d.    was already known to or in the possession of the receiving party without restriction; or

    e.    is the subject of a subpoena or other legal or administrative demand for disclosure, provided that the receiving party gives disclosing party prompt notice of the demand and reasonably cooperates with disclosing party's efforts to secure an appropriate protective order.

40.    Although the ***Disclosure Period*** explicitly is limited to the 364 days between August 16, 2022, and August 15, 2023, the MNDA's requirement that IFOS and FTL keep confidential all Information exchanged in this Disclosure Period is perpetual.

41.    Accordingly, the MNDA still is in force and has effect with respect to all Information that FTL provided to IFOS during the Disclosure Period.

8

COMPLAINT

***Disclosure of FTL's Saffron-Harvesting Trade Secrets after Mutual Execution***
***of Non-Disclosure Agreement***

42.    On or about August 12, 2022, Mr. William Price ("Mr. Price"), IFOS' Director of Government Business, emailed FTL's Mr. Hutchison to remind Mr. Hutchison that "[t]he USDA has released the FY23 solicitation announcement [for grant proposals]." Mr. Price's email advised that FTL should "take a look at the program areas and let us know what looks most relevant to your interests and capabilities."

43.    On or about August 15, 2022, FTL's Dr. Oliver replied by email that "we would definitely be interested and happy to sign an NDA at any time." Dr. Oliver's email also stated, "Richard and I are planning to revise and submit a proposal that was rejected by the NSF SBIR for precision agriculture using machine learning and robotics."

44.    On the next day, August 16, 2022, the parties executed the MNDA.

45.    Following execution of the MNDA, IFOS' Mr. Price emailed Dr. Oliver an earlier USDA proposal that IFOS submitted in 2016, which had been rejected. Mr. Price summarized the USDA's criticism of the rejected 2016 proposal and solicited "your feedback/suggestions on this point after reviewing the proposal and debriefing."

46.    On or about September 5, 2022, Plaintiff FTL's Dr. Oliver emailed a detailed response regarding the rejected IFOS 2016 proposal as requested by Mr. Price.

47.    In her September 5, 2022 email, Dr. Oliver also suggested two other potential agricultural applications for IFOS' products, including use of some of IFOS' products as part of a system to harvest saffron. Dr. Oliver stated, "[I]f

interested, I attached our NSF saffron application with reviewer's comments." This attached NSF saffron application included FTL's Saffron-Harvesting Trade Secrets. Dr. Oliver's September 5 email specifically asked Defendant IFOS to identify to FTL "any areas of improvement or areas that may be of interest for collaboration."

48.     Defendant IFOS did not respond to Dr. Oliver's September 5 email or otherwise discuss FTL's Saffron-Harvesting Trade Secrets in the remainder of Calendar Year 2022 or throughout Calendar Year 2023.

### *September 17, 2024 IFOS Email and FTL's Responses*

49.     On or about September 17, 2024, IFOS' Mr. Price sent an email to Dr. Oliver of Plaintiff FTL. Mr. Price's email stated:

> In a past support letter you kindly provided for a greenhouse-related proposal of ours, you mentioned saffron and the benefits that could be had from applying robotics technologies. ***The idea has kept with us,*** and we have decided to submit a proposal to USDA focused on robotics for saffron harvesting…[1]

50.     Mr. Price's September 17, 2024 email about Defendant IFOS' USDA grant proposal directly referred to Plaintiff FTL's Trade Secrets and offered to hire Plaintiff FTL to "act as consultant" to Defendant IFOS' project in exchange for *de minimis* compensation.

51.     Mr. Price's email announced Defendant IFOS' intention to submit ***Defendant's own*** proposal to the USDA (the "USDA-SBIR Proposal") the

---

[1] Emphasis added.

following day and added that Mr. Price "hope[d] to include you on our team." Thus, after 744 days of silence, Defendant IFOS gave Plaintiff FTL only twenty-four (24) hours to determine how to prevent FTL's Saffron-Harvesting Trade Secrets from being claimed by IFOS and used by IFOS without FTL's permission. IFOS also compelled FTL to decide whether to allow IFOS to misappropriate FTL's Saffron-Harvesting Trade Secrets in exchange for a pittance.

52.     Within hours of receiving Defendant IFOS' September 17, 2024 email, Plaintiff FTL emailed a reply. Plaintiff FTL's Dr. Oliver reminded Defendant IFOS that FTL disclosed the FTL Saffron-Harvesting Trade Secrets to IFOS on September 5, 2022 under the terms of the MNDA.

53.     Plaintiff FTL's September 17 email reply also objected to "IFOS pursuing this as their own idea" and asked that Defendant IFOS "not submit an SBIR or other applications with our innovation, as it would be a breach of the MNDA."

54.     Plaintiff FTL's reply email ended by indicating that FTL would be open to "discuss licensing or another mutually beneficial relationship with the clarity that this is From The Land LLC's innovation."

### *September 20, 2024 Emails between FTL and IFOS*

55.     On or about September 20, 2024, Defendant IFOS' Mr. Price responded by email to Plaintiff FTL's Dr. Oliver.

56.     In his September 20 email, Mr. Price mistakenly claimed that the MNDA – which IFOS prepared and presented for execution by both parties – expired on August 15, 2023. Mr. Price further alleged that Defendant IFOS' abrupt interest in Plaintiff FTL's saffron harvesting concept sprang from "our [IFOS'] USDA program officer."

57.    Mr. Price's September 20 email does not dispute that Plaintiff FTL's confidential Information is entitled to trade secret protection.

58.    Mr. Price's September 20 email does not dispute Plaintiff FTL's stated belief that Defendant IFOS took and used Plaintiff FTL's Saffron-Harvesting Trade Secrets ***without permission*** for Defendant's IFOS USDA-SBIR proposal.

59.    Plaintiff FTL responded immediately. In her September 20, 2024 email, Dr. Oliver, on behalf of Plaintiff FTL, asked Defendant IFOS to confirm in writing:

> that IFOS's planned proposal, along with any technology that IFOS is or will develop, will be based on IFOS's own concepts/ developments and not utilize any of our (From The Land LLC, Gina Oliver, and Richard Hutchison) confidential/ proprietary information.

60.    Defendant IFOS did not respond.

### September 27, 2024

61.    On or about September 27, 2024, Plaintiff FTL sent another email to Defendant IFOS. Plaintiff FTL again sought assurance that Defendant IFOS' USDA-SBIR proposal does not use any of Plaintiff FTL's Trade Secrets, including Information that Defendant IFOS received on September 5, 2022, subject to the protection of the MNDA.

62.    Again, Defendant IFOS did not respond.

COMPLAINT

*October 8, 2024 FTL Demand Letter*

63.    Finally, on or about October 8, 2024, legal counsel for Plaintiff FTL sent a demand letter to Defendant IFOS, demanding that IFOS cease and desist all use and disclosure of the FTL Saffron-Harvesting Trade Secrets, and return or destroy all FTL confidential information disclosed pursuant to the MNDA.

64.    Once again, Defendant IFOS did not respond.

*Imminent Irreparable Harm to Plaintiff FTL*

65.    Upon information and belief, Defendant IFOS will continue to use and disclose Plaintiff FTL's Saffron-Harvesting Trade Secrets without permission in conjunction with the USDA-SBIR proposal and product development resulting therefrom unless Defendant IFOS is restrained.

66.    Plaintiff FTL's business opportunities, grant opportunities, competitive edge, confidential and proprietary information and trade secrets, and existing and potential relationships with its, customers, and other business associates have been, and will continue to be, irreparably harmed by the illegal actions of Defendant IFOS.

# FIRST CAUSE OF ACTION

*Misappropriation of Trade Secrets in Violation of*
*the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.*

67.    All preceding paragraphs are incorporated as if fully set forth herein.

68.    Defendant IFOS had access to – and still possesses – certain confidential and proprietary FTL information constituting trade secrets as defined by the DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836, including but not limited

to Plaintiff's FTL Saffron-Harvesting Trade Secrets.

69.     The FTL Saffron-Harvesting Trade Secrets were provided to Defendant IFOS pursuant to a nondisclosure agreement, the MNDA, which imposes an obligation on Defendant to hold the FTL Saffron-Harvesting Trade Secrets in confidence and to use the FTL Saffron-Harvesting Trade Secrets only "for purposes of evaluating potential business arrangements between the parties."

70.     This information is sufficiently secret to derive economic value from not being generally known to other persons or entities who can obtain economic value from its disclosure or use including, but not limited to, Defendant IFOS.

71.     This information has been kept secret by Plaintiff FTL and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

72.     Defendant IFOS misappropriated the FTL Saffron-Harvesting Trade Secrets and used them for an unauthorized purpose in breach of the MNDA when Defendant incorporated the FTL Saffron-Harvesting Trade Secrets into Defendant's USDA-SBIR application without permission from – and in disregard of the objections of – Plaintiff FTL.

73.     On or about October 8, 2024, Plaintiff FTL demanded in writing that Defendant IFOS either return all FTL Saffron-Harvesting Trade Secrets or certify that Defendant IFOS destroyed them, as set forth in Defendant IFOS' self-prepared MNDA. To date, Defendant IFOS has not responded to this demand.

74.     Defendant IFOS' refusal to comply with Plaintiff FTL's legal demands constitutes a further act of misappropriation of the FTL Saffron-Harvesting Trade Secrets and a further breach of the MNDA.

75.     Defendant IFOS currently possesses and uses Plaintiff FTL's

Saffron-Harvesting Trade Secrets without Plaintiff FTL's authorization or permission.

76.   Defendant IFOS' unauthorized use includes, but is not limited to, the submission of Defendant's grant proposal, Defendant's USDA-SBIR, to the U.S. Department of Agriculture.

77.   The FTL Saffron-Harvesting Trade Secrets misappropriated by Defendant IFOS are related to a product or service used in, or intended for use in, interstate or foreign commerce.

78.   Defendant IFOS' unauthorized possession, use, and / or disclosure of Plaintiff FTL's trade secret information, actual and threatened, violates the DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836.

79.   The public policy favoring the protection of Plaintiff FTL's interest in maintaining its trade secrets outweighs any interest Defendant IFOS allegedly may have in using FTL's trade secrets.

80.   As a result of the above, Plaintiff FTL has no adequate remedy at law and has suffered and will continue to suffer an imminent risk of further irreparable harm. Therefore, Plaintiff FTL requests that Defendant IFOS be enjoined by the Court; that Defendant IFOS be required to cease any and all disclosure or use of Plaintiff FTL's confidential and proprietary information; that Defendant IFOS be required to return Plaintiff FTL's trade secrets, including the FTL Saffron-Harvesting Trade Secrets; and that Defendant IFOS be required to provide a complete accounting of all of FTL trade secrets (both hard and electronic copies) that Defendant obtained from FTL and subsequently reproduced or disclosed to third parties.

81.   As a direct and proximate result of Defendant IFOS' actual and/or

threatened misappropriation of Plaintiff FTL's trade secrets, FTL has suffered and continues to suffer immediate and irreparable injury, loss, harm, or damage and will continue to suffer said injury, loss, harm or damage unless and until Defendant IFOS is restrained from its present conduct, and Plaintiff FTL is relieved of the burden of competing with a competitor that is using Plaintiff FTL's own trade secrets and confidential and proprietary information against FTL.

82.    As a direct and proximate result of Defendant IFOS' actual and/or threatened misappropriation of Plaintiff FTL's trade secrets, Plaintiff FTL has suffered and/or will suffer damages which continue to accrue, including without limitation actual loss caused by Defendant IFOS' misappropriation, the unjust enrichment of Defendant IFOS caused by the misappropriation that is not taken into account in computing Plaintiff FTL's actual loss, and loss of a reasonable royalty for the unauthorized disclosure and use of the FTL Saffron-Harvesting Trade Secrets.

83.    In addition, and on information and belief, Defendant IFOS' misappropriation was willful and malicious and entitles Plaintiff FTL to an award of exemplary damages of two times the amount of actual damages and an award of Plaintiff FTL's reasonable attorney fees and costs incurred herein.

## SECOND CAUSE OF ACTION

### *Misappropriation of Trade Secrets in Violation of the CALIFORNIA UNIFORM TRADE SECRETS ACT*

84.    All preceding paragraphs are incorporated as if fully set forth herein.

85.    As a result of disclosures of FTL Saffron-Harvesting Trade Secrets made by Plaintiff FTL to Defendant IFOS pursuant to the MNDA, Defendant IFOS had access to and currently possesses certain confidential and proprietary

information constituting trade secrets as defined by the CALIFORNIA UNIFORM TRADE SECRETS ACT, CAL. CIV. CODE § 3426.1 *et seq*. ("CUTSA"), including but not limited to the FTL Trade Secrets. This information is a protectable interest belonging to FTL.

86.    This information is sufficiently secret to derive economic value from not being generally known to other persons or entities who can obtain economic value from its disclosure or use, including but not limited to IFOS.

87.    This information is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

88.    Defendant IFOS' misappropriation, current possession and use, and threatened further use of Plaintiff FTL's trade secret information are done without Plaintiff FTL's authorization or permission.

89.    The FTL Trade Secrets misappropriated by Defendant IFOS are related to a product or service used in, or intended for use in, interstate or foreign commerce.

90.    Defendant IFOS' conduct described herein constitutes willful and malicious misappropriation of Plaintiff FTL's trade secrets under the CUTSA.

91.    Defendant IFOS' unauthorized possession, use, and/or disclosure of FTL's trade secret information, actual and threatened, violates the CUTSA.

92.    The public policy favoring the protection of Plaintiff FTL's interest in maintaining Plaintiff's trade secrets outweighs any interests Defendant IFOS allegedly may have in using Plaintiff FTL's trade secrets.

93.    As a result of the above, Plaintiff FTL has no adequate remedy at law and has suffered and will continue to suffer an imminent risk of further irreparable

harm. Therefore, Plaintiff FTL requests that Defendant IFOS be enjoined by the Court; that Defendant IFOS be required to cease any and all disclosure or use of Plaintiff FTL's confidential and proprietary information; that Defendant IFSO be required to return Plaintiff FTL's Saffron-Harvesting Trade Secrets; and that Defendant IFOS be required to provide a complete accounting of all of Plaintiff FTL Saffron-Harvesting Trade Secrets (both hard and electronic copies) that Defendant IFOS obtained from Plaintiff FTL and subsequently disclosed to third parties.

94.     As a direct and proximate result of Defendant IFOS' actual and/or threatened misappropriation of Plaintiff FTL's trade secrets, FTL has suffered and continues to suffer immediate and irreparable injury, loss, harm, or damage and will continue to suffer said injury, loss, harm or damage unless and until Defendant IFOS is restrained from its present conduct, and Plaintiff FTL is relieved of the burden of competing with a competitor that is using FTL's own trade secrets and confidential and proprietary information against FTL.

95.     As a direct and proximate result of Defendant IFOS' actual and/or threatened misappropriation of Plaintiff FTL's trade secrets, FTL has suffered and/or will suffer additional damages which continue to accrue, lost business, lost grant opportunities, lost profits, lost royalty opportunities. Moreover, a direct and proximate result of Defendant IFOS' actual and/or threatened misappropriation of Plaintiff FTL's trade secrets, Defendant IFOS has been unjustly enriched, and such unjust enrichment is subject to disgorgement.

96.     In addition, and on information and belief, Defendant IFOS' misappropriation was willful and malicious and entitles Plaintiff FTL to an award of exemplary damages and reasonable attorneys' fees and costs incurred herein pursuant to Cal. Civ. Code § 3426.4.

# THIRD CAUSE OF ACTION

## *Breach of Contract*

97.    All preceding paragraphs are incorporated as if fully set forth herein.

98.    The MNDA is a valid and binding written contract between Defendant IFOS and Plaintiff FTL.

99.    The MNDA currently is in force.

100.    Plaintiff FTL performed all obligations under the MNDA.

101.    Plaintiff FTL disclosed the FTL Trade Secrets to Defendant IFOS on September 5, 2022, during the Disclosure Period defined by the MNDA.

102.    The MNDA requires the parties to hold disclosed Information in confidence and prohibits use or disclosure of the Information for any reason other than "for purposes of evaluating potential business arrangements between the parties."

103.    Defendant IFOS breached the MNDA by, *inter alia*, using and disclosing the FTL Saffron-Harvesting Trade Secrets in Defendant's USDA-SBIR proposal without Plaintiff FTL's permission (and over FTL's objection) and by refusing to return or destroy the FTL Saffron-Harvesting Trade Secrets upon demand by Plaintiff FTL.

104.    Plaintiff FTL suffered actual damages in an amount to be determined, but not less than a reasonable royalty.

105.    Defendant IFOS has been unjustly enriched by its breach of the MNDA and by using and disclosing the FTL Saffron-Harvesting Trade Secrets in pursuit of a monetary grant from the USDA-SBIR without FTL's permission.

# FOURTH CAUSE OF ACTION

## *Unfair Competition*
### CAL. BUS. & PROF. CODE § 17200 et seq.

106.    All preceding paragraphs are incorporated as if fully set forth herein.

107.    California BUS. & PROF. CODE § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

108.    Defendant IFOS committed unlawful, unfair, and/or fraudulent business practices as defined by § 17200 by engaging in the wrongful conduct alleged above including by: (a) misappropriating the FTL Saffron-Harvesting Trade Secrets; (b) breaching the MNDA by using the FTL Saffron-Harvesting Trade Secrets without permission for an unauthorized purpose; and (c) breaching the MNDA by refusing to return or destroy the FTL Saffron-Harvesting Trade Secrets in Defendant's possession.

109.    As a result of Defendant IFOS' wrongful and/or unfair conduct, Plaintiff FTL now is forced to compete with a larger competitor to develop a saffron harvesting system that is using FTL's Saffron-Harvesting Trade Secrets regarding saffron harvesting without permission.

110.    As a proximate result of Defendant IFOS' actions as alleged above, Plaintiff FTL has suffered and will continue to suffer economic losses unless Defendant IFOS is enjoined and Plaintiff FTL is awarded damages in an amount to be proven at trial.

111.    Plaintiff FTL has no adequate remedy at law for these injuries unless and until Defendant IFOS is restrained in the future from engaging in the wrongful acts described above. Plaintiff FTL's damages are not easily quantified but

include Plaintiff's lost grant opportunities and funding, lost profits, and/or advantages in an amount to be proven at trial. Therefore, Plaintiff FTL is entitled to a preliminary and permanent injunction prohibiting Defendant IFOS from engaging in continued acts of unfair competition against Plaintiff FTL.

112.  Defendant IFOS' acts as alleged are willful, oppressive, fraudulent, despicable, and in conscious disregard of Plaintiff FTL's rights and of the resulting harm to Plaintiff. Plaintiff FTL therefore is entitled to punitive and exemplary damages in an amount to be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff From The Land, LLC, respectfully requests the following relief:

a.  Judgment in Plaintiff FTL's favor and against Defendants on all causes of action alleged herein;

b.  All damages caused by Defendants' unlawful acts in an amount to be proven at trial;

c.  Preliminary and permanent injunctive relief, including an order that:

d.  Defendant IFOS, as well as its respective agents and all other persons and entities in active concert, participation, or privity with them, are prohibited from retaining possession of, directly or indirectly using, disclosing, or transmitting for any purpose, the FTL Saffron-Harvesting Trade Secrets, or any other trade secret information belonging to Plaintiff FTL.

e.  Defendant IFOS conduct an immediate and thorough search for any FTL trade secret information (including FTL Saffron-Harvesting Trade Secrets) that Defendant may have under its respective possession, custody, or control, whether in paper or electronic form. If Defendant IFOS has multiple copies of particular documents, all originals and copies of such

documents must be returned to Plaintiff FTL.

f.    Defendants shall return to FTL all documents, materials, and information constituting, containing, summarizing, or extracting FTL Saffron-Harvesting Trade Secrets. Defendants must turn over all computers, mobile and smart phones, and any other external devices that each of them has used since September 2022 to a third-party digital forensic provider designated by Plaintiff FTL for forensic imaging and inspection. Plaintiff FTL shall be entitled to reimbursement for all such costs if the forensic examination uncovers the existence of any FTL trade secret information contained on such electronic devices.

g.    Defendant IFOS shall expressly withdraw Defendant's USDA-SBIR proposal and return all copies of same to Plaintiff FTL.

h.    Judgment that Defendant IFOS' trade secret misappropriation was willful and malicious;

i.    Exemplary and punitive damages as provided by law;

j.    Costs of suit incurred herein;

k.    Prejudgment interest;

l.    Attorney fees; and

m.    Such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

Date: November 25, 2024    LAPPLE UBELL IP LAW, LLP
    By:    s/*Matthew C. Lapple*
    Matthew C. Lapple

Attorneys for Plaintiff
FROM THE LAND, LLC

# DEMAND FOR JURY TRIAL

From The Land, LLC, hereby demands trial by jury for all causes of action, claims, or issues in this action that are triable as a matter of right to a jury.

Respectfully submitted,

Date: November 25, 2024            LAPPLE UBELL IP LAW, LLP
                                   By:    s/*Matthew C. Lapple*
                                   _____
                                          Matthew C. Lapple

                                   Attorneys for Plaintiff
                                   FROM THE LAND, LLC

JURY TRIAL DEMAND