# Exhibit 1

# NON-DISCLOSURE AGREEMENT

Intelligent Fiber Optic Systems Corporation, a California corporation ("IFOS"), and ___From The Land LLC___ a ___California LLC___ ("Company") hereby enter into this Mutual Non-Disclosure Agreement, effective as of ("Effective Date") and agree as follows:

1. IFOS and Company, for their mutual benefit, desire to disclose to one another, from time to time, certain Information (defined in Paragraph 2 below) for purposes of evaluating potential business arrangements between the parties ("Purpose").

2. Information consists of certain specifications, designs, plans, drawings, software, data, prototypes, or other business and/or technical information, and all copies and derivatives containing such Information, related to the parties' respective goods and services and to potential business opportunities, which the disclosing party considers proprietary or confidential ("Information"). Information may be in any form or medium, tangible or intangible, and may be communicated in writing, orally, or through visual observation. This Agreement shall apply to Information whether or not such Information is identified or marked as proprietary when disclosed.

3. This Agreement applies to Information disclosed during a Disclosure Period beginning on the Effective Date and terminating on ___08/15/2023___ .

4. IFOS and Company agree that from and after the disclosure of Information:

   A. The receiving party shall use Information only for the Purpose; hold Information in confidence using the same degree of care as it normally exercises to protect its own proprietary information, but not less than reasonable care taking into account the nature of the Information; grant access to Information only to employees who have a need to know, provided that when doing so, the receiving party binds those employees to terms at least as restrictive as those stated herein, and advises them of their obligations; cause its employees to comply with this Agreement and agrees to be responsible, in addition to the relevant employee for any breach of this Agreement; reproduce Information only to the extent necessary to fulfill the Purpose; and prevent disclosure of Information to third parties.

   B. Upon the disclosing party's request, the receiving party shall either return all Information or certify that all media containing Information have been destroyed. However, the receiving party's counsel may retain an archival copy of the Information, solely for the purpose of proving the contents of the Information.

5. The foregoing restrictions shall not apply to Information that the receiving party can demonstrate:

   A. was independently developed by or for the receiving party without reference to the Information;

   B. was received by the receiving party without restrictions;

   C. has become generally available to the public without breach of this Agreement;

   D. was already known to or in the possession of the receiving party without restriction; or

   E. is the subject of a subpoena or other legal or administrative demand for disclosure, provided that the receiving party gives disclosing party prompt notice of the demand and reasonably cooperates with disclosing party's efforts to secure an appropriate protective order.

6. An individual who has seen, received or been provided with access to Information under this Agreement shall not be precluded from working on projects for the receiving party that relate to similar subject matters, provided that the individual does not use or make reference to the Information and did not copy or in any manner reduce to memory the substance of the Information.

7. As between the parties, all Information shall remain the property of the disclosing party. By disclosing Information or executing this Agreement, the disclosing party does not grant any license, explicitly or implicitly, under any trademark, patent, copyright, mask work protection right, trade secret, or any other intellectual property right. THE DISCLOSING PARTY DISCLAIMS ALL WARRANTIES REGARDING THE INFORMATION, INCLUDING ALL WARRANTIES WITH RESPECT TO INFRINGEMENT OF INTELLECTUAL PROPERTY RIGHTS AND ALL WARRANTIES AS TO THE ACCURACY OR UTILITY OF SUCH INFORMATION. The disclosing party disclaims all responsibility and liability for any actions taken by the receiving party on the basis of its analysis or other use of Information, including, but not limited to, any adjustments or modifications to receiving party's products in light of such use of Information, and receiving party acknowledges that disclosing party shall have no responsibility or liability as a result of receiving party's use of Information.

8. Neither this Agreement nor the disclosure or receipt of Information shall create an obligation for either party to make any disclosures, to make any further agreement or business arrangement, purchase products or services, or engage in any present or future marketing activities.

9. The parties acknowledge that certain products, software, and technical information provided pursuant to this Agreement may be subject to United States export laws and regulations and agree that any use or transfer of such items must be authorized by the appropriate United States government agency. Neither party shall directly or indirectly use, distribute, transfer, or transmit any item of Information (even if incorporated into other products, software, and technical information), except in compliance with United States export laws and regulations.

10. Either party's failure to enforce any provision, right, or remedy under this Agreement shall not constitute a waiver of such provision, right, or remedy.

11. This Agreement shall be governed by the laws of the State of California, excluding its conflict of law provisions and excluding the United Nations Convention on the Sale of Goods.

12. This Agreement constitutes the entire agreement of the parties with respect to the parties' respective obligations in connection with Information disclosed hereunder and supersedes all prior oral and written agreements and discussions with respect thereto. Each party intends that a facsimile of its signature printed by a receiving fax machine be regarded as an original signature and agrees that this Agreement can be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. Any signature page of this Agreement may be detached from any counterpart of this Agreement without impairing the legal effect of any signatures thereon and may be attached to another counterpart of this Agreement identical in form hereto but having attached to it one or more additional signature pages. The parties can amend or modify this Agreement only by a writing duly executed by their authorized representatives.

**Intelligent Fiber Optic Systems Corporation**

_____
(Signature)

William Price
(Name Typed)

Director of Government Business
(Title)

8/16/2022
(Date Signed)

From The Land LLC

_____   _____
(Signature)

Gina C. Oliver                Richard S. Hutchison
(Name Typed)

Co-owner                      Co-Owner
(Title)

2022-08-16                    2022-08-16
(Date Signed)